JAMES GAY <i>v.</i> ROBERT J. BROWN.

In a proceeding under the mechanics' lien law, to foreclose a lien claimed by the plaintiff, the plaintiff must show that the work, &c., for which the lien is claimed, was done in conformity with a contract made by the *owner* for the erection, &c. of the building.

Where the building is erected by a *purchaser* of the lots, for his own benefit, the *vendor* is not the owner of the building, within the meaning of the lien law of 1851, although the legal title to the lots has not yet been actually transferred. (*a*)

GENERAL TERM, APRIL, 1854.

---

(*a*) See note to *Kennedy* v. *Paine, ante*, p. 652.

THE plaintiff in this action claimed to recover from the defendant, as the owner of certain houses and lots in the city of New York, a bill of $373, for certain tin work, and roofing done thereon, under an agreement with one Bingham, a contractor. The claimant filed a notice under § 6 of the lien law of 1851, designating the defendant as the owner, and served the usual notice, in pursuance of which the parties appeared in the marine court.

The performance and value of the work were proved by Bingham, who testified that he employed the plaintiff, and that he (Bingham) was the defendant's contractor for the erection of the buildings in question.

The plaintiff then offered in evidence the contract between Bingham and the defendant, in which the latter agreed to sell, and the former to purchase, the said lots for $10,400. It was further agreed by Bingham to erect dwelling houses on the lots, of a prescribed style and character, to be completed within a certain time, during which time the defendant was to advance to Bingham, to aid in the construction, $10,800, in instalments payable at different periods in the progress of the buildings. The purchase money and the advances were to bear interest, and were, with such interest, to be secured to the defendant by bonds and mortgages, to be executed on the completion of the buildings, when the defendant was to convey them in fee to Bingham.

The contract contained other provisions, requiring Bingham to keep the buildings insured, and clear of liens and other incumbrances, and by which he was to forfeit his right to a conveyance, or to repayment for any expenditure towards the erection, in default of fulfilling any of the stipulations contained in the contract, &c.

The defendant objected to the admission of this paper, on the ground that it was irrelevant to the issue. The objection was sustained by the court below, and the contract above recited was excluded. The defendant then moved for a nonsuit, because the plaintiff had not shown that he had performed the work in conformity with any contract with him,

(the defendant,) nor that the defendant was, in fact, the owner of the buildings. The motion was granted, and the plaintiff appealed to this court.

*George W. Carpenter*, for the appellant.

*William R. Stafford*, for the respondent.

By THE COURT. WOODRUFF, J.—It has been uniformly held by this court, that a defendant who had sold his lots, and made an agreement to make further advances and accept a mortgage as security, after the purchaser should have erected buildings thereon, was not to be deemed an owner within the statutes authorizing mechanics' liens, passed prior to 1851. And the court of appeals has affirmed our judgment, in the case of *Loonie* v. *Hogan*, (at the last term,) thus affirming that construction of those statutes. In accordance with what we deem the true principles of those decisions, the same construction has been given by us to the recent statute. (Laws of 1851, ch. 513.) Under that construction, how stands this case with the plaintiff?

He did not prove that the work performed by him was done in conformity with any contract with the defendant. This was essential to his right to recover. He was, therefore, properly nonsuited, unless the evidence which he did offer would have tended to establish his case in this respect. But the contract which he offered showed that the defendant was not the *owner* within the meaning of the law; therefore, that he must be nonsuited.

I think the evidence might have been received, and the nonsuit placed upon the authority of the cases above referred to; but as the result is the same, the judgment should be affirmed.

Judgment affirmed.